IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANA GONZALEZ, )
 )
      Plaintiff, )
 )
vs. ) Case No. CIV-13-245-D
 )
CAROLYN W. COLVIN, Acting )
Commissioner Social Security )
Administration, )
 )
      Defendant. )

## REPORT AND RECOMMENDATION

Dana Gonzalez (Plaintiff) seeks judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3). Upon careful review of the pleadings, the administrative record (AR), and the parties' briefs, the undersigned recommends the Commissioner's decision be reversed and the matter remanded for further proceedings.

**I.   Administrative proceedings.**

    **A.   State agency.**

Plaintiff protectively filed her applications with the Social Security

Administration (SSA) in March 2010, alleging she became disabled and unable to work because of her disabling condition as of July 20, 2006. AR 143, 150. In a related filing, she listed the conditions limiting her ability to work: bulging discs in her back and neck with spurs; a tear in her rotator cuff; thumbs that pop out of joint; bipolar disorder; high blood pressure; high cholesterol; severe depression; hearing some voices at times; poor memory; and getting lost easily. *Id.* at 176.

In that same filing, Plaintiff advised that she had stopped working on April 16, 2010, because her place of employment – a day-care center where she had been working as a cook for five hours a day, five days a week since May 2005 – closed. *Id.* at 177-78. Where called on by the form to state when she believed her conditions became severe enough to keep her from working, Plaintiff responded with the same date, April 16, 2010 (as opposed to the July 20, 2006 date she used in her applications). *Id.* at 177, 143, 250. According to Plaintiff, her conditions had not caused her to make any changes – such as job duties, hours, and rate of pay – in her work activity. *Id.* The SSA denied Plaintiff's applications at the State agency level. *Id.* at 68-72, 73-76, 82-84, 85-87.

**B.  Administrative hearing.**

Plaintiff challenged that determination by requesting a hearing before an administrative law judge (ALJ), *id.* at 88-89, and in September 2011, Plaintiff

appeared with her counsel at an administrative hearing at which both she and a vocational expert testified. *Id.* at 28-61. At the outset of Plaintiff's testimony, the ALJ inquired whether the alleged onset of disability date would be amended to April 16, 2010 when the day-care center closed. *Id.* at 40. Plaintiff elected instead to amend her alleged onset date to December 1, 2007, the month of her fifty-fifth birthday. *Id.* at 30, 40. She maintained that her earnings after that date were not at the amount considered as substantial gainful activity and that her work was accommodated. *Id.* at 38-40.

### C. The Commissioner's final decision.

By written hearing decision, *id.* at 12-22, the ALJ, "giving [Plaintiff] the benefit of the doubt," found at step one of the sequential process that she had not engaged in substantial gainful activity since December 1, 2007. *Id.* at 14. He concluded at step two that she was severely impaired by "back and neck pain by history"; obesity; Chronic Obstructive Pulmonary Disease; hypertension; and affective mood disorder. *Id.* at 15. And, at step three, the ALJ found that none of these impairments, alone or in combination, were presumptively disabling. *Id.* After assessing Plaintiff's credibility and residual functional capacity (RFC),[1]

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Here, the ALJ found Plaintiff retained the capacity to lift 50 pounds occasionally and 25 pounds frequently. [She] can sit for about 6 hours during an 8-hour workday
(continued...)

the ALJ found at steps four and five that she could not perform her past relevant work.[2] *Id.* at 16, 20. The ALJ also found that Plaintiff was able to perform other available work in the national economy and, as a result, was not under a disability at any time from July 20, 2006 through the date of the decision. *Id.* at 21-22.

The SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision, *id.* at 1-6, and Plaintiff ultimately sought review of the Commissioner's final decision in this Court. Doc. 1.

## II. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in

---

[1](...continued)
and can stand and walk for about 6 hours during an 8-hour workday. [She] can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. [She] cannot climb ladders, ropes or scaffolds. [She] can occasionally reach overhead. [She] is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. [She] can understand, remember and carry out simple, routine and repetitive tasks. [She] can respond appropriately to supervisors, co-workers, and usual work situations, but have no contact with the general public. [She] can perform low-stress work (defined as occasional decisionmaking and occasional changes in workplace settings). [She] cannot perform work in tandem. (20 CFR 404.1567(c) and 416.967(c)).

AR 16.

[2] The vocational expert testified that Plaintiff's past relevant work was not performed at the unskilled level without contact with the general public.

AR 56.

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

III.  **Analysis.**

    A.  **Plaintiff's claims of error.**

Plaintiff brings three claims of error: (1) the ALJ failed to properly consider certain medical source opinions; (2) the ALJ failed to properly consider Plaintiff's credibility; and (3) the ALJ's finding that there are a significant number of available jobs in the national economy that Plaintiff can perform is

5

not supported by substantial evidence. Doc. 13, at 1.

The undersigned recommends remand of this matter because the ALJ committed reversible error in his consideration of the medical source opinion evidence pertaining to Plaintiff's ability to interact with co-workers and supervisors. This report does not address Plaintiff's remaining claims.[3]

**B.    Standard of review.**

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).

---

[3]   *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**C. Whether the ALJ committed reversible error by failing to explain why he rejected medical source evidence.**

**1. The ALJ's findings.**

Following her mental status examination of Plaintiff at the request of the SSA, Dr. Palacio-Hollmon[4] expressed doubt that Plaintiff would be able to deal with the public, supervisors, or co-workers because of her social withdrawal and ideas of reference. AR 527. She incorporated those doubts into her opinion that Plaintiff, who requires structure, could function in a "work environment" where she could "work alone without burden of interacting with others." *Id.* In his discussion of the opinion evidence of record,[5] the ALJ summarized the doctor's

---

[4] Dr. Palacio-Hollmon is identified as a "PsyD" on the first page of the mental status examination report, AR 525, and a "Ph.D." on the signature line. *Id.* at 527. The doctor's first name is "Shalom." *Id.* The undersigned's only guide to the doctor's gender is through the Plaintiff's use of "her" as a pronoun. Doc. 13, at 8. The undersigned follows Plaintiff's lead.

[5] The ALJ first summarized the evidence of Plaintiff's mental impairments:

> With regard to the claimant's mental impairments, the evidence shows a history of depression and anxiety. She is treated at Seminole Mental Health where she carries a diagnosis of Bipolar I Disorder, most recent episode manic-moderate. A note from September 22, 2010, shows that the claimant reported having panic attacks and agoraphobic feelings. She was feeling depressed due to death of her mother. She reported mood swings, anxiety and nervousness several days each week and reported auditory hallucinations and had poor self-concept. She did report she went to church and socialized with friends and her daughter.

(continued...)

findings:

> The claimant underwent consultative psychological evaluation on May 15, 2010, conducted by Shalom Palacio-Hollman, PsyD. After interview and mental status examination, Dr. Palacio-Hollman's gave the following diagnostic impression: Axis I: Depressive symptoms, Health problems, Chronic pain. In the report, the examiner noted that the claimant stated she had three hospitalizations. There is no documented record of these inpatient incidents. She stated that she socializes with co-workers. She showers daily and denied having difficulty taking care of her environment. She said she had difficulty recalling medication. She was able to complete chores around the house, but had difficulty with budgeting and managing finances because she forgets to pay bills. The examiner noted that the claimant would have difficulty dealing with public, [b]ut could meet demands of a work environment if allowed to work alone without burden of interacting with others (Exhibit 7F).

*Id.* at 19-20.

The ALJ then turned to the opinion evidence provided by one of Plaintiff's mental health counselors, Jeanne Lay:

> The record contains a medical source statement from Jeanne Lay, MS, CM, which states that the claimant can understand and remember 1-2 step tasks and instructions, can concentrate enough to complete these tasks in a timely and acceptable manner with prompting and reminders, but has poor ability to interact with the general public and would have difficulty with supervisors and coworkers (Exhibit 15F). This opinion is given partial weight. It is from a non-physician counselor and is probative in determining the claimant's functioning. It is not entitled to controlling weight.

*Id.* at 20.

---

[5](...continued)
AR 19.

Finally, the ALJ addressed the opinions of the State agency non-examining consultants:

> The State agency psychological consultants who reviewed the evidence found the claimant able to perform simple tasks in a familiar setting with routine supervision. She can relate to supervisors and peers on a superficial basis, but is not able to relate to the general public. The best work setting has a low environmental stimulation and has consistent expectations. She can adapt to work situation (Exhibit 16F). The Administrative Law Judge has given great weight to this opinion and such is reflected in the residual functional capacity established above.

*Id.*

Despite his statement that the limitations imposed by the State consultants were reflected in Plaintiff's RFC, the ALJ instead found that Plaintiff can understand, remember, and carry out simple, routine, and repetitive tasks; respond *appropriately* to supervisors, coworkers, and usual work situations but have no contact with the general public; and perform low-stress work (includes occasional decisionmaking and occasional changes in workplace settings) (emphasis added). *Id.* at 16. She is unable to "perform work in tandem." *Id.*

### 2. The parties' contentions.

#### a. Plaintiff's opening brief.

Plaintiff submits that Dr. Palacio-Hollmon, the SSA's consultative examiner, and Jeanne Lay, MS, CM, Plaintiff's mental health counselor, "agree

9

that Plaintiff cannot interact with others," a limitation encompassing the public, supervisors, and co-workers. Doc. 13, at 7. And, her argument continues, because the ALJ found that she could respond appropriately to supervisors and co-workers, his RFC assessment is inconsistent with those opinions.[6] *Id.* at 8. Plaintiff further notes that "[t]he ALJ did not even include only superficial interaction with supervisors and coworkers which was the opinion of the state agency." *Id.*

In support of her claim of error, Plaintiff relies on SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996), which requires the ALJ to explain why an opinion from a medical source was not adopted if his RFC assessment conflicts with that opinion. Because the ALJ failed to provide this explanation, Plaintiff claims legal error.

### b. The Commissioner's response.

For her part, the Commissioner does not question that Ms. Lay opined that Plaintiff would have difficulty with co-workers and supervisors. *See* Doc. 14, at 8. Nor does she question that it was Dr. Palacio-Hollmon's opinion that Plaintiff

---

[6] Plaintiff acknowledges that the ALJ restricted her from working in tandem and points to the ALJ's agreement with the vocational expert's understanding that in tandem is "something that would require team work." Doc. 13, at 8 (citing AR 58). According to Plaintiff, the restriction does not address routine interaction with supervisors and co-workers in usual work situations. *Id.*

could meet the demands of a work environment if allowed to work alone without the burden of interacting with others. *See id.* Nonetheless, she maintains the ALJ accounted for these restrictions by limiting Plaintiff to simple repetitive work which does not require her to work in tandem or with others in a team. *Id.* She points out that the ALJ included these limitations in his hypothetical question to the vocational expert who identified three specific jobs, describing them as "solo occupations." *Id.* (citing AR 58). She maintains that the Dictionary of Occupational Titles (DOT) provides that taking instructions and helping is not significant in these three jobs. *Id.*

### c. Plaintiff's reply.

In reply, Plaintiff underscores the direct conflict between the ALJ's assessment that she can respond appropriately to supervisors and co-workers and the limitations assessed by Dr. Palacio-Hollmon and Ms. Lay. Doc. 15, at 2. She contends that restricting her from "working as a team" is not sufficient to encompass her inability to interact with all co-workers. *Id.* As to the Commissioner's argument regarding DOT specifications, Plaintiff submits that the medical sources did not quantify her degree of permitted interaction as no *significant* interaction but, instead, restricted her to *no* interaction. *Id.* at 3.

> **3. The ALJ's failure to evaluate the opinions of the consultative examining psychologist is reversible error.**

Focusing on the ALJ's evaluation of the opinion of Dr. Palacio-Hollmon, the first obvious error is that he made none. Instead, he simply summarized her report and findings without stating what weight he gave to her opinions. AR 19-20. He failed to utilize the factors set out by regulation. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) ("An opinion [from] an examining . . . medical-source . . . may be dismissed or discounted, of course, but that must be based on an evaluation of all of the factors set out in the cited regulations and the ALJ must 'provide specific, legitimate reasons for rejecting it.'" (citation omitted)); *see also* 20 C.F.R. §§ 404.1527, 416.927 (listing the factors).

Next, despite having stated that his RFC assessment was consistent with the State non-examining consultants' opinions that Plaintiff can relate to supervisors and peers on a superficial basis, AR 20, the ALJ found that Plaintiff "can respond appropriately to supervisors, co-workers, and usual work situations . . . ." *Id.* at 16. And, restricting Plaintiff from work in tandem restricts her from "something that would require team work," *id.* at 58, but not from appropriate interaction with supervisors and co-workers. *Id.* at 20.

By arguing that the DOT establishes that taking instructions and helping is not *significant* in the three jobs the vocational expert identified, the

Commissioner implicitly invites this Court to find the ALJ's errors harmless. Doc. 14, at 8. The harmless-error doctrine applies in social security cases "where, based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Here, harmless error is not a viable option. It would require a determination that no reasonable factfinder – giving full weight to Dr. Palacio-Hollmon's opinion that Plaintiff "must work alone without burden of interacting with others" – could interpret that opinion to limit Plaintiff from any interaction with supervisors and co-workers. A reasonable factfinder, however, could come to that conclusion. At bottom, the ALJ's failure to meaningfully consider Dr. Palacio-Hollmon's opinion, coupled with his inconsistent statements and findings as to the extent of Plaintiff's ability to interact with supervisors and co-workers, makes it impossible to follow his reasoning for purposes of a harmless-error analysis. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by February 27, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 7th day of February, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE