# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA EARLENE GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-245-D |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is the Plaintiff's Application for Award of Attorney Fees [Doc. No. 20] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). The EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff sought review of the decision of Defendant Commissioner of the Social Security Administration. The Court reversed the Commissioner's decision, and remanded the matter for further proceedings. *See* Order and Judgment of March 12, 2014 [Doc. Nos. 18, 19]. The Commissioner does not dispute that Plaintiff is a "prevailing party" within the meaning of the EAJA, and is thus entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $4,847.00 in attorney fees for the services performed in this case. Plaintiff's counsel has submitted documentation reflecting the work performed and the time incurred for each service rendered to Plaintiff in this action. *See* Application, Attachment 2. Plaintiff's application also includes legal authority supporting the requested EAJA award, and is accompanied

by a copy of Plaintiff's contract for counsel's services in this case and material supporting the reasonableness of the fee charged. *See* Application, Attachments 1, 3.

In response, Defendant does not object to the amount of the award requested by Plaintiff, but notes that payment must be made directly to Plaintiff as the prevailing party in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007). Furthermore, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U. S. C. § 406(b), counsel must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

The Court has reviewed the documentation submitted by Plaintiff and finds that the requested fee of $4,847.00 is supported by the documentation. Further, the Court finds that the requested amount represents a fair and reasonable fee for the work performed by Plaintiff's counsel in this case.

Accordingly, Plaintiff's Application [Doc. No. 20] for approval of an EAJA attorney fee award in the amount of $4,847.00 is GRANTED. Defendant is ordered to pay that amount directly to Plaintiff, in accordance with the requirements of the EAJA and the Tenth Circuit Court of Appeals. Further, if additional legal fees are awarded pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is ordered to refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 23rd day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE